SAMUEL S. JORDAN and others *vs*. LEMUEL H. SOULE.

Sagadahoc. Opinion December 30, 1887.

*Law and equity. Co-tenants. Partnership.*

When tenants in common in land agree to put on improvements to adapt it to a business in which they engage, each agreeing to pay his proportional part

for such improvements, and appointing one of their number an agent to make the improvements, an action at law may be maintained by the one who paid for the improvements against any tenant for his proportion of the expenses of the same.

ON report.

Assumpsit to recover one-fourth of the expenses of repairing and improving ice houses and appurtenances.

The facts are sufficiently stated in the opinion.

*Joseph M. Trott,* for plaintiffs, cited : *Fanning* v. *Chadwick,* 3 Pick. 424 ; *Marshall* v. *Winslow,* 11 Maine, 58 ; *Wright* v. *Eastman,* 44 Maine, 232 ; *Williams* v. *Henshaw,* 11 Pick. 84 ; Chitty, Contracts, 341 ; *Venning* v. *Leckie,* 13 East, 7 ; *French Styring,* 2 C. B. N. S. 354 (3 Jur. N. S. 670 ; 20 L. J. C. P. 181) ; Collyer, Partnership, (6 ed.) § § 256-258 ; Addison, Contracts, § 1305 ; 1 Parsons, Contracts, 140 ; Parsons, Laws of Business, 224, 225 ; *Holyoke* v. *Mayo,* 50 Maine, 390 ; *Gibson* v. *Moore,* 6 N. H. 547.

*C. W. Larrabee,* for defendant.

In *Holmes* v. *Higgins,* 1 Barn. & Cress. 76, ABBOTT, C. J., says, "Now it is perfectly clear that one partner cannot maintain an action against his co-partner for work and labor performed or money expended on account of the partnership."

When money is due from one partner to another, by simple contract on the partnership account payment except in a few special cases can only be expended in a court of equity. Collyer on Partnership, 4th Am. ed. c. 111 § 11 ; 1 Story Eq. Jur. § 664.

DANFORTH, J. The evidence in this case shows that the plaintiffs, and defendant were tenants in common of a lot of land with an ice privilege attached, purchased for the purpose of harvesting and selling ice ; that for the purpose of carrying on that business it was agreed that certain repairs and improvements were to be made, each one agreeing to pay his share of the expenses, and one of the plaintiffs was appointed the agent of all to accomplish this purpose. There is also testimony tending to show that a similar agreement was made in relation to

gathering in and disposing of the ice. But in regard to this we have no occasion at this time to enquire; for the specification attached to the declaration in the writ, confines the claim sought to be recovered, "to the defendant's share of the expense of certain improvements and outlay in and upon the property and ice privilege, owned in common by said plaintiffs and defendant."

The defence is that these parties were partners in the trans-actions out of which this suit grew, that the action will not settle all matters between them as such, and therefore the remedy is in equity alone.

If this defence were sustained by the evidence, in the absence of an agreement to the contrary, it would prevail. But the ownership of the land is one thing, carrying on the ice business upon that land is another and may be a very different thing. There may be a partnership with all its incidents, in the latter when none exists as to the former. In this case there is not only an entire absence of all testimony tending to show that the land and privilege were partnership property, but the contrary appears. The proof is plenary that the land was purchased by the parties as individuals, each paying for his share out of his private funds. The ownership of the improvements must follow that of the land, not only from general principles, but as the result of the agreement clearly shown by the case, that each was to pay his share of the expense. By virtue of this contract the parties were jointly liable for the whole amount and as the plaintiffs have paid the whole, the defendant is liable for his share which is one-fourth. For this result the case of *Soule* v. *Frost*, 76 Maine, 119, is, in principle, an authority.

As to the damages the proof is not so satisfactory. But the preponderance of evidence shows that the bill of particulars is a reliable statement of the amount expended. A few of the items were evidently expended in the business of ice harvesting, such as the amount paid Trask for cutting and housing ice, $1,767.80, two years flowage, $32.00, swamp hay, $12.00 and saw dust, $2.50. These must be deducted from the sum total. Then as to the credits. The $150.00 and the $90.00 paid Packard, were

evidently paid by the defendant and upon this bill. These sums should therefore be deducted from his share. The fifty dollars, though paid by the defendant was for expenses upon the ice ; and the remaining credits appear to have come from the proceeds of the ice. These items will therefore more properly be considered in the settlement of the ice account. Making up the claim pending in this suit, upon these principles, it leaves a balance due from the defendant of $453.14 for which the plaintiffs are entitled to judgment with interest from date of writ.

> *Judgment for the plaintiffs for $453.14 and interest from date of writ.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.